UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

M.W., a minor, by and through her
mother, natural guardian, and next
friend BROOKE WILLIS,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff M.W., a minor, by and through her mother, natural guardian, and next friend BROOKE WILLIS, a North Carolina citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff K.M. is a minor who is a resident of the state of Tennessee and is proceeding by and through her mother, natural guardian, and next friend Heather Meehan, who is also a resident of the state of Tennessee.

3. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida. At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff K.M. is and all material times has been a citizen and resident of the state of Tennessee, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The damages claimed exceed the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 14 below support an award in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events

M.W., ETC. v. CARNIVAL CORP.
COMPLAINT

occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the incident to the Defendant and completed a written statement shortly after she fell.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "ECSTASY."

12. At all material times, including the injury date of July 13, 2018, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "ECSTASY" and was therefore lawfully aboard the vessel.

13. On July 13, 2018, the Plaintiff, while descending a slide designed for children, struck another child who had not cleared the bottom of the slide, causing the Plaintiff to sustain serious injuries.

14. As a direct and proximate result of the event described above, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred past and future medical, hospital, and other out of pocket and health care expenses as a result of her injuries; the future

M.W., ETC. v. CARNIVAL CORP.
COMPLAINT

medical, hospital and health care expenses being reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – VICARIOUS LIABILITY

The Plaintiff adopts, reasserts, realleges, and incorporates by referencing the allegations of paragraphs 1-14 above and further states:

15. At all material times, crewmembers of the Defendant on board the M/S "ECSTASY" while acting in furtherance of the business of the Defendant, owed passengers onboard the ECSTASY, including disembarking passengers, a duty of reasonable care for their safety.

16. At all material times, the Defendant was vicariously liable for damage to passengers caused by crewmembers' breach of their duty of reasonable care as alleged in the preceding paragraph.

17. At all material times, the Defendant had a crewmember assigned to the bottom of the slide for the specific purpose of ensuring that the bottom of the slide was clear of passengers prior to permitting additional passengers to enter the slide.

18. The Defendant had another crewmember assigned to the top of the slide for the specific purpose of instructing passengers when to enter the slide.  This crewmember was supposed to wait until they were certain that the bottom of the slide was clear before permitting other passengers to enter, either through visual confirmation, communication with the crewmember identified in paragraph 17, or otherwise.

M.W., ETC. v. CARNIVAL CORP.
COMPLAINT

19. Notwithstanding that the Defendant had assigned crewmembers to ensure that passengers were not permitted into the slide until the bottom of the slide had been cleared, the Plaintiff was permitted to enter the slide prior to a previous passenger clearing it, causing them to collide at the bottom of the slide.

20. As a result of the negligence of the crewmembers identified in paragraphs 17 and/or 18, for which the Defendant is vicariously liable, the Plaintiff sustained and continues to sustain the damages identified in paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages and the costs of this action.

## COUNT II – DIRECT NEGLIGENCE AGAINST DEFENDANT

The Plaintiff adopts, reasserts, realleges, and incorporates by referencing the allegations of paragraphs 1-14 above and further states:

21. At all material times, the Defendant owed the Plaintiff as fare paying passengers aboard its passenger cruise vessel the M/S ECSTASY a duty to use reasonable care for their safety.

22. At all material times, the M/S ECSTASY was equipped among other facilities with a water slide for passenger use.  Participating passengers entered the slide at the direction and control of the Defendant's crew members, who instructed passengers when they were allowed to proceed down the slide and thereby controlled their descent.

23. On or about July 13, 2018, while aboard the M/S ECSTASY as a fare paying passenger, Plaintiff W.M. entered the water slide described in the preceding paragraph.

24. On the date referred to in the preceding paragraph, M.W. entered and descended the water slide described above at the direction of Defendant's crew members.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

M.W., ETC. v. CARNIVAL CORP.
COMPLAINT

25.     Another passenger had not completely cleared the water slide at the time the Defendant's crew members directed W.M. to descend.

26.     As W.M. descended the water slide at the direction of Defendant's crew members, he collided with the other passenger who had not cleared the bottom of the slide

27.     At all material times prior to M.W.'s descending the water slide, the attending crew members of Defendant either actually knew or in the exercise of reasonable care should have known that passengers had not yet cleared the slide and that it accordingly was not safe for newly entering passengers such as M.W. to enter and descend the slide.

28.     The Defendant had further notice of the risks inherent in permitting passengers to enter the slide prior to other passengers exiting, as evidence by 1) policies and procedures requiring crewmembers at the top and bottom of the slide to communicate regarding the progress of passengers in exiting the bottom of the slide; and 2) the existence of 42 prior incidents of passengers being injured on board Carnival's vessels in the four year period immediately preceding M.W.'s injury, of which 23 involved minor passengers.  See, *inter alia*, *M.B., a minor, et al v. CARNIVAL CORPORATION, Southern District of Florida case number* 18-CV-22946-SMITH/LOUIS.

29.     Notwithstanding the Defendant's actual or constructive knowledge of the hazardous and dangerous condition referred to above, the presence of more than one passenger within the waterslide, the Defendant at all material times failed to exercise reasonable care for the safety of its passengers including W.M. and was thereby negligent.

30.     The Defendants' specific negligent acts or omissions consist of or more of the following:

a. Failing to monitor passengers using the waterslide for safe ingress and egress, or to inspect the slide for the presence of passengers who had not yet exited, prior to directing W.M. to descend the slide;

b. Failing to warn W.M.. that the bottom of the slide was not yet cleared before directing him to descend;

c. Failing to monitor the waterslide adequately to ensure that passengers. had cleared the slide before allowing other passengers to descend it;

d. Failing to correct the hazardous or dangerous condition;

e. Inadequate staffing, training, and/or manning of the slide in order to ensure its safe use and operation by passengers including W.M.;

f. Failing to establish, implement, and enforce safe and adequate policies and procedures regarding use and operation of the waterslide;

g. Failing otherwise to exercise reasonable care in managing and operating the waterslide on the subject vessel;

h. Additional acts of negligence not yet discovered;

31. As a direct and proximate result of one or more of the negligent acts as described above, the minor Plaintiff W.M. sustained and continues to sustain the damages identified in paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages and the costs of this action.

M.W., ETC. v. CARNIVAL CORP.
COMPLAINT

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 18th day of April, 2022.

*s/Nicholas Gerson*
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com

Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*